```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF GEORGIA
                          COLUMBUS DIVISION

ROBERT RILEY,                        *

     Plaintiff,                      *

vs.                                  *
                                              CASE NO. 4:12-CV-38 (CDL)
COLUMBUS CONSOLIDATED                *
GOVERNMENT,
                                     *
     Defendant.
                                     *
```

O R D E R

The Court previously concluded that genuine fact disputes remain for trial on Plaintiff Robert Riley's ("Riley") claims that the Columbus Consolidated Government ("Columbus") discriminated against Riley because of his race when Columbus failed to promote him to the position of traffic engineer after he applied for the position in 2011 and 2012. *Riley v. Columbus Consol. Gov't*, No. 4:12-CV-38, 2013 WL 3227733, at *8 (M.D. Ga. June 25, 2013). The Court permitted Columbus to file a Supplemental Motion for Summary Judgment (ECF No. 35), which is presently pending before the Court. For the reasons set forth below, the Court finds that Riley failed to exhaust his administrative remedies with regard to the promotion decision based on his 2011 application. Columbus is therefore entitled to summary judgment on that claim, and no claims raised in Riley's Complaint in this action remain for trial.

Riley's claim based on his 2012 application was not asserted in his Complaint, and Riley never amended his Complaint to add it. Accordingly, any claim based on Riley's 2012 application is not properly before the Court in this action. Moreover, Riley now represents that he has filed a charge of discrimination regarding this claim with the U.S. Equal Employment Opportunity Commission ("EEOC") and that the EEOC is currently investigating the claim. Therefore, the claim is premature and cannot be considered by the Court at this time.

## SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

FACTUAL BACKGROUND

The following facts are undisputed for purposes of summary judgment. Riley works for Columbus as a senior traffic engineering technician. Riley, a black male, applied for a promotion to traffic engineer in 2010. Riley did not receive the promotion. Instead, a white male got the job. Riley filed a charge of discrimination with the EEOC, claiming race and age discrimination based on the 2010 promotion denial. The EEOC received the charge on October 20, 2010. Riley received a Right to Sue letter from the EEOC dated November 17, 2011.

The traffic engineer hired in 2010 resigned in September 2011. Columbus posted the position in December 2011. Riley applied for the job on December 20, 2011. Shortly thereafter, Columbus withdrew the job posting. Columbus did not fill the position at that time. In January 2012, Riley asked his supervisor about the status of the traffic engineer position, and the supervisor replied that he had not received an application from a qualified candidate and that he would not discuss the position with Riley again. Riley Dep. 61:23-63:4, ECF No. 16; Compl. ¶¶ 22-23, ECF No. 1. The position remained unfilled. Riley did not file an EEOC charge regarding the denied promotion based on his 2011 application. Riley filed this action in February 2012, alleging race and age discrimination based on the 2010 denied promotion. He also made

3

claims of race discrimination and retaliation based on the 2011 denied promotion.

Columbus reposted the traffic engineer position in March 2012. Riley reapplied for the traffic engineer position in December of 2012. The position remained open. Riley did not seek leave to amend his Complaint to add claims regarding the promotion decision based on his 2012 application, and he did not point to any evidence in his response to Columbus's original summary judgment motion that he had filed an EEOC charge regarding that promotion decision.

The Court previously granted summary judgment in favor of Defendants on Riley's race and age discrimination claims arising out of the 2010 promotion decision. *Riley*, 2013 WL 3227733, at *5. The Court also concluded that Riley's retaliation claims based on the 2011 and 2012 promotion denials failed. *Id.* at *6. Finally, the Court concluded that Riley's claims brought pursuant to 42 U.S.C. § 1983 against Columbus and his supervisor failed. *Id.* at *7-*8. Therefore, the Court found that the only remaining claims are Riley's race discrimination claims based on the 2011 and 2012 promotion denials, which Riley asserts pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq. Id.* at *8. Columbus did not raise the issue of failure to exhaust administrative remedies in its original summary judgment motion, and the Court did not

4

address the issue *sua sponte*. The Court permitted Columbus to file a supplemental motion to address the issue.

## DISCUSSION

"Before suing under Title VII, a plaintiff must first exhaust [his] administrative remedies." *H&R Block E. Enters., Inc. v. Morris*, 606 F.3d 1285, 1295 (11th Cir. 2010) (per curiam). "To do so, a plaintiff must file a timely charge of discrimination with the EEOC within 180 days of the last discriminatory act." *Id.*; *accord Watson v. Blue Circle, Inc.*, 324 F.3d 1252, 1258 (11th Cir. 2003) (noting that in a non-deferral state like Georgia, a charge of discrimination must be filed within 180 days of the alleged unlawful employment action). If a plaintiff timely files an EEOC charge, his "judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Thomas v. Miami Dade Pub. Health Trust*, 369 F. App'x 19, 22 (11th Cir. 2010) (per curiam) (internal quotation marks omitted). "Judicial claims are proper if they amplify, clarify, or more clearly focus the allegations in the EEOC complaint, but . . . allegations of new acts of discrimination are inappropriate." *Id.* (alteration in original) (internal quotation marks omitted).

Here, it is undisputed that Riley filed an EEOC charge in 2010. That charge focused on the 2010 promotion decision. The

5

EEOC investigated the charge and sent Riley a Right to Sue letter on November 17, 2011.  Riley applied for the traffic engineer position again in December 2011.  Shortly thereafter, Columbus withdrew the job posting, and the traffic engineer position remained open.  When Riley asked his supervisor about the status of the traffic engineer position in January 2012, the supervisor replied that he had not received an application from a qualified candidate and that he would not discuss the position with Riley again.  Therefore, Riley knew or should have known by January 2012 that he was not going to be promoted to traffic engineer based on his December 2011 application.  The decision not to promote Riley based on his December 2011 application was a new act of alleged discrimination that did not occur until after the EEOC completed its investigation of Riley's 2010 charge.  Accordingly, Riley was required to file a new charge of discrimination.  Riley did not, however, file an EEOC charge regarding the failure to promote based on the December 2011 application.  His 2011 failure to promote claim is therefore barred for failure to exhaust administrative remedies.

Riley's failure to promote claim based on his December 2012 application did not arise until well after Riley filed his Complaint in this action.  Riley did not seek leave to amend his Complaint to add a claim based on that decision.  Therefore, that claim is not properly before the Court.  Moreover, Riley

6

represented in his response to Columbus's supplemental motion for summary judgment that Columbus has now hired a white male to fill the traffic engineer position, that Riley recently filed an EEOC charge regarding this decision, and that the EEOC has not yet completed its investigation of that charge. Accordingly, even if Riley had asserted a claim in this action based on his December 2012 application, it would be premature.

## CONCLUSION

As discussed above, Riley did not exhaust his administrative remedies with regard to the promotion decision based on Riley's 2011 application. Columbus is therefore entitled to summary judgment on that claim. No claims raised in Riley's Complaint remain for trial, and final judgment shall be entered in favor of Defendants for the reasons stated in today's Order and in the Court's Order dated June 25, 2013.

The failure to promote claim based on Riley's 2012 application is not properly before the Court in this action because Riley did not assert it in this action and because the EEOC is currently investigating that claim. Nothing in this Order shall bar Riley from bringing a new action after he exhausts his administrative remedies with regard to his claim based on his 2012 application.

IT IS SO ORDERED, this 1st day of August, 2013.

                                    S/Clay D. Land
                                       CLAY D. LAND
                                UNITED STATES DISTRICT JUDGE